# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARCOS ARAGON,

    Petitioner,

v.                                                                                                                            CV No. 18-190 KWR/CG

FNU BOWEN, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Marcos Aragon's *Amended 28 U.S.C. § 2254 Habeas Corpus Petition* ("Petition"), (Doc. 16), filed March 16, 2020; Petitioner's *Motion to Extend Time*, (Doc. 14), and *Motion to Appoint Counsel*, (Doc. 15). Mr. Aragon asks the Court to vacate his state convictions for second degree murder. The Court, having reviewed the matter *sua sponte* will accept Mr. Aragon's Petition as timely; deny the Motion to Appoint Counsel; and require Mr. Aragon to show cause why his Petition should not be dismissed as time barred.

## I. Procedural Background

The procedural history in this case is complex. To better understand the citations in the Petition, the Court took judicial notice of Mr. Aragon's state court criminal dockets, Case Nos. D-D-1215-CR-2010-00206; S-1-SC-36807; and S-1-SC-34443. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (unpublished) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

In 2011, Mr. Aragon pled no contest to two counts second degree murder in violation of N.M.S.A. §§ 30-2-1(B) and 30-1-13. (Doc. 16 at 1). The state court sentenced him to thirty years imprisonment, ten of which were suspended. *Id.* Judgment on the conviction was entered November 17, 2011. *See* Judgment and Sentence in Case No. D-1215-CR-2010-00206. Mr. Aragon did not initially appeal. However, on December 5, 2011, he filed the first of several motions to reconsider his sentence and/or withdraw the plea. *See* Motion to Reconsider in Case No. D-1215-CR-2010-00206. The following timeline reflects the state court docket activity between 2011 and 2018:

| | |
|---|---|
| Dec. 5, 2011: | Mr. Aragon files the first motion to reconsider. |
| Feb. 27, 2012: | Mr. Aragon files a state habeas petition. |
| Nov. 14, 2013: | The state court denies the habeas petition but does not address the motion to reconsider. |
| Dec. 3, 2013: | Mr. Aragon files a certiorari appeal. |
| Feb. 14, 2014: | The New Mexico Supreme Court (NMSC) grants certiorari review in connection with the state habeas petition. |
| April 18, 2016: | The NMSC quashes the writ of certiorari and remands the proceeding to the state trial court. |
| June 29, 2016: | The state court denies all pending motions to reconsider. The order specifies that it triggers the right to a direct appeal of the original judgment. |
| July 29, 2016: | Mr. Aragon seeks an extension of the 30-day period to appeal the original judgment. The extension is granted, and the new appeal period is August 29, 2016. |
| Aug. 30, 2016: | Mr. Aragon does not appeal, the extended appeal period expires, and the original Judgment becomes final. |

- 279 days pass with no state court activity -

June 5, 2017:        Mr. Aragon files a second state habeas petition.

July 19, 2017:       The state court denies the motion.

Aug. 21, 2017:      Mr. Aragon does not initially appeal, the 30-day appeal period expires, and the ruling becomes final.

- 122 days pass with no state court activity -

Dec. 21, 2017:      Mr. Aragon files a certiorari appeal along with a motion to appeal out-of-time.

Jan. 4, 2018:        The NMSC accepts the untimely appeal but denies certiorari relief.

- 53 days pass with no state court activity -

Feb. 26, 2018:      Mr. Aragon files the instant federal § 2254 proceeding.

*See* Docket Sheets in Case Nos. D-1215-CR-2010-00206; S-1-SC-36807; and S-1-SC-34443.

Mr. Aragon amended his Petition on March 16, 2020. (Doc. 16). He raises claims for ineffective assistance of counsel; due process violations; Brady violations; sentencing errors; prosecutorial misconduct; illegal search and seizure; speedy trial violations; involuntary plea; and actual innocence. (Doc. 16 at 6, 8, 9, 11, 13, 14, 18, and 21). Along with the amended Petition, Mr. Aragon also filed motions to extend the deadline to amend his pleading, (Doc. 14), and to appoint counsel, (Doc. 15). Mr. Aragon prepaid the $5 filing fee, and the case is ready for initial review.

## II. Motion to Extend & Motion to Appoint Counsel

In the Motion to Extend Time, Mr. Aragon initially sought a 90-day extension of the deadline to amend his § 2254 petition. The amendment deadline was originally March 12, 2020. (Doc. 13). Mr. Aragon then amended his Petition on March 16, 2020.

3

(Doc. 16). The Court will therefore **GRANT IN PART** the *Motion to Extend Time*, (Doc. 14), and accept the amended Petition as timely.

As to the request for counsel, there is no constitutional right to such relief in a habeas proceeding. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is held, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Considering these factors, the Court is not convinced counsel should be appointed at this time. Mr. Aragon filed a detailed, well organized amended Petition that includes the relevant state-court filings, and the habeas claims appear to be time-barred. The Court will therefore **DENY** the *Motion to Appoint Counsel*, (Doc. 15).

### III. Initial Review of the § 2254 Petition

The Petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.* As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the Judgment became final in 2016, after the state court denied Mr. Aragon's motions to reconsider his sentence. The order denying the motions explicitly triggered the right to "file a direct appeal of the 2011 Judgment." *See* CLS: Order, Application, Petition, or Motion Denied, filed June 29, 2016 in Case No. D-1215-CR-2010-00206. However, Mr. Aragon did not file a direct appeal by the extended deadline, August 29, 2016. *See* Docket Sheet in Case No. D-1215-CR-2010-00206. His conviction therefore became final no later than August 30, 2016, the first business day after the direct-appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the

expiration of the direct appeal period).

Two hundred and seventy-nine (279) days elapsed before Mr. Aragon filed a second state habeas petition, which stopped the clock pursuant to § 2244(d)(2). The state habeas proceeding remained pending until August 21, 2017, when the 30-day appeal expired in connection with the order denying state habeas relief. *See Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); NMRA, Rule 12-501 (a writ of certiorari must be filed within 30 days after the state district court's denial of a habeas petition). "The next day [August 22, 2017] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [here, 86 days][1] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations under § 2244). The state court docket reflects there was no additional tolling activity during the next 86 days. *See* Docket Sheets in Case Nos. D-1215-CR-2010-00206 and S-1-SC-36807. The limitation period therefore expired on November 16, 2017. The untimely certiorari appeal filed after that date did not - as Mr. Aragon may believe - restart the clock or otherwise impact the expired limitations period. *See Gibson v. Klinger,* 232 F.3d 799, 804 (10th Cir. 2000). The § 2254 proceeding filed on February 26, 2018, therefore appears to be time-barred.

Based on the forgoing, the Court will require Mr. Aragon to show cause within

---

1. The Court arrived at this figure by subtracting the number of days that initially elapsed without tolling activity (279) from the one-year period (*i.e.,* 365 days in a year - 279 days = 86 remaining days).

thirty (30) days of entry of this Order why his § 2254 petition should not be dismissed as untimely. If he disputes the timeline set forth in the background section of this Opinion, he must specify which date he believes is incorrect, and why. If Mr. Aragon declines to respond to this Order or demonstrate grounds for tolling, the Court will dismiss this habeas action without further notice.

**IT IS THEREFORE ORDERED** that Mr. Aragon's *Motion to Extend Time*, (Doc. 14) is **GRANTED IN PART**; and the amended § 2254 Petition filed on March 16, 2020 is deemed to be timely;

**IT IS FURTHER ORDERED** that Mr. Aragon's *Motion to Appoint Counsel*, (Doc. 15) is **DENIED**; and

**IT IS FINALLY ORDERED** that within thirty (30) days of entry of this Order, Mr. Aragon must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE