## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARCOS ARAGON,

     Petitioner,

v.                                 No. 18-cv-190 KWR-CG

FNU BOWEN, *et al*,

     Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Petitioner Marcos Aragon's Amended 28 U.S.C. § 2254 Habeas Corpus Petition, filed March 16, 2020 (Doc. 16) (Petition). Petitioner asks the Court to vacate his state convictions for second degree murder. The Court directed Petitioner to show cause why his § 2254 Petition should not be dismissed for failure to file within the one-year statute of limitations. Having reviewed his response and applicable law, the Court will dismiss the Petition.

### I. Procedural Background

The procedural history in this case is fairly complex. To better interpret the citations in the Petition, the Court took judicial notice of Petitioner's State Court criminal dockets, Case Nos. D-1215-CR-2010-00206; S-1-SC-36807; and S-1-SC-34443. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

In 2011, Petitioner pled no contest to two counts of second-degree murder in New Mexico's Twelfth Judicial District Court. (Doc. 16 at 1). The State Court sentenced him to thirty years

imprisonment, ten of which were suspended.  *Id.*   Judgment on the conviction was entered November 17, 2011.   *See* Judgment and Sentence in Case No. D-1215-CR-2010-00206. Petitioner did not initially appeal.   (Doc. 16 at 2).   However, on December 5, 2011, he filed the first of several motions to reconsider his sentence and/or withdraw the plea.   *See* Mnt to Reconsider in Case No. D-1215-CR-2010-00206.   The following timeline reflects the State Court docket activity between 2011 and 2018, when Petitioner filed the instant § 2254 proceeding.

Dec. 5, 2011:   Petitioner files the first motion to reconsider.

Feb. 27, 2012:   Petitioner files a state habeas petition.

Nov. 14, 2013:   The State Court denies the habeas petition but does not address the motion to reconsider.

Dec. 3, 2013:   Petitioner files a certiorari appeal.

Feb. 14, 2014:   The New Mexico Supreme Court (NMSC) grants certiorari review in connection with the state habeas petition.

April 18, 2016:   The NMSC quashes the writ of certiorari and remands the proceeding to the state trial court.

June 29, 2016:   The State Court denies all pending motions to reconsider.   The order specifies that it triggers the right to a direct appeal of the original judgment.

July 29, 2016:   Petitioner seeks an extension of the 30-day period to appeal the original judgment.   The extension is granted, and the new appeal deadline is August 29, 2016.

Aug. 30, 2016:   Petitioner does not appeal, the extended appeal period expires, and the criminal Judgment becomes final.

**- 279 days pass with no State Court activity -**

June 5, 2017:   Petitioner files a second state habeas petition.

July 19, 2017:   The State Court denies the motion.

Aug. 21, 2017:   Petitioner does not initially appeal, the 30-day appeal period expires, and the ruling becomes final.

**- 122 days pass with no State Court activity -**

Dec. 21, 2017:   Petitioner files a certiorari appeal along with a motion to appeal out-of-time.

Jan. 4, 2018:   The NMSC accepts the untimely appeal, but denies certiorari relief.

**- 53 days pass with no State Court activity -**

Feb. 26, 2018:   Petitioner files the instant federal § 2254 proceeding.

*See* Docket Sheets in Case Nos. D-1215-CR-2010-00206; S-1-SC-36807; and S-1-SC-34443.

Petitioner amended his Petition on March 16, 2020.   (Doc. 16).   He raises claims for ineffective assistance of counsel; due process violations; Brady violations; sentencing errors; prosecutorial misconduct; illegal search and seizure; speedy trial violations; plea defects; and actual innocence.   By an Order to Show Cause entered March 19, 2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred.   (Doc. 17).   Petitioner filed his show-cause response on April 10, 2020 (Doc. 20), and the matter is ready for review.

## II.   Timeliness the § 2254 Petition

The Petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254.   Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions.   "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition."   Habeas Corpus Rule 4.   "If the petition is not dismissed, the judge must order the respondent to file an answer…."   *Id.*   As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."   *Day v. McDonough,* 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody must generally be filed

3

within one year after the defendant's conviction becomes final.   28 U.S.C. § 2244(d)(1)(A).   The

one-year limitation period can be extended:

(1)      While a state habeas petition is pending, § 2244(d)(2);

(2)      Where unconstitutional state action has impeded the filing of a federal habeas

petition, § 2244(d)(1)(B);

(3)      Where a new constitutional right has been recognized by the Supreme Court, §

2244(d)(1)(C); or

(4)      Where the factual basis for the claim could not have been discovered until later, §

2244(d)(1)(C).

Equitable tolling is also "available when an inmate diligently pursues his claims and demonstrates

that the failure to timely file was caused by extraordinary circumstances beyond his control."

*Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

The Judgment here became final on August 30, 2016, the first business day after expiration

of the extended direct-appeal period.  *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir.

2001) (Under § 2254, the conviction becomes final upon the expiration of the state appeal period).

Two hundred and seventy-nine (279) days elapsed before Petitioner filed a second state habeas

petition, which stopped the clock pursuant to § 2244(d)(2).   The petition remained pending until

August 21, 2017, when the 30-day appeal period expired in connection with the order denying state

habeas relief.  *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (The habeas limitations

period is tolled through the expiration of the state appeal period); NMRA, Rule 12-501 (a writ of

certiorari must be filed within 30 days after the state district court's denial of a habeas petition).

"The next day [August 22, 2017] statutory tolling ceased," and the remaining "time for filing a

4

federal habeas petition [here, 86 days][1] resumed….”   *Trimble v. Hansen*, 2019 WL 990686, at *2

(10th Cir. Feb. 28, 2019) (addressing complex tolling calculations in habeas cases).   The State

Court docket reflects there was no additional tolling activity during the next 86 days, and the

limitation period expired on November 16, 2017.[2]   Unless tolling applies, the § 2254 proceeding

filed on February 26, 2018 is therefore time-barred.

The Court explained the above principles and included the full state-court activity timeline

in its Order to Show Cause.   (Doc. 17).   Petitioner set out a competing timeline in his show-cause

response, which is identical to the Court's version with one exception.   He believes the one-year

period should be tolling during the pendency of his earlier § 2254 proceeding, *Aragon v. Franco,*

16-cv-836 JB-GBW.   Petitioner filed that action on July 20, 2016, and the Court (Hon. James

Browning) dismissed the petition without prejudice for failure to exhaust state remedies on

November 20, 2016.   A “federal habeas [petition] is not an application for State post-conviction

or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2).”   *Duncan v. Walker*, 533

U.S. 167, 181-82 (2001).   Petitioner's first federal proceeding “therefore did not toll the limitation

period,” and it has no impact on whether the instant proceeding is timely.   *Id.*

Petitioner also appears to argue his trial attorney failed to file a direct appeal, and that he

made “numerous attempts … to contact [counsel] to request an appeal be filed on his behalf in his

§ 2254 [proceeding].”   (Doc. 20 at 6).   The failure to file a direct appeal implicates the merits of

---

[1] The Court arrived at this figure by subtracting the number of days that initially elapsed without tolling activity (279) from the one-year period (*i.e.,* 365 days in a year - 279 days = 86 remaining days).

[2] Although Petitioner did not raise the issue, the Court notes that his untimely certiorari appeal filed in December, 2017 did not impact the expired limitations period.   *See Gibson,* 232 F.3d at 804 (“The state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending”).

Petitioner's claim for ineffective assistance by counsel. Federal Courts cannot consider the merits of a habeas claim unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period. *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA).... The first of these barriers is timeliness."). To the extent counsel ignored Petitioner's requests for assistance or advice regarding the federal habeas process, this is not grounds for equitable tolling. *See Montoya v. Milyard,* 342 Fed. App'x 430, 432 (10th Cir. 2009) (equitable tolling was unavailable based on "counsel's failure to notify [petitioner] of the [habeas] statute of limitations"); *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (equitable tolling based on a failure by counsel requires egregious misconduct, and is not available based on "garden variety" attorney neglect).

Petitioner finally contends he has no legal education, and he believed that because the first federal proceeding was timely, all subsequent petitions would be timely. "It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse" an untimely habeas filing. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000); *Clay v. Jones*, 491 Fed. App'x 935 (10th Cir. 2012) (Petitioner's failure to "understand … tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling.").

For these reasons, the Court concludes Petitioner's show-cause response (Doc. 20) does not establish grounds for tolling. The one-year limitation period expired on November 16, 2017, and the federal habeas proceeding filed on February 26, 2018 is time-barred. The Court must dismiss the amended Petition (Doc. 16). The Court will also deny a certificate of appealability under

Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Marcos Aragon 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 16) is **DISMISSED**; a certificate of appealability is denied; and a separate judgment will be entered closing the civil case.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

7